UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Alan M. Jaffe, | ) | Case No. 04 B 37907 |
| Debtor. | ) | |
| Karen Jaffe, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05 A 1259 |
| Alan M. Jaffe, | ) | |
| Defendant. | ) | Judge Jacqueline P. Cox |

**MEMORANDUM OPINION AND ORDER ON MOTION TO QUASH**

The law permits a party to issue a subpoena compelling attendance and testimony at trial. Fed. R. Bankr. Pro. 9016(a)(1)(C) & (a)(2). Though the rule contains certain service and notice requirements for the benefit of opposing parties when the production of documents and things prior to trial is demanded, the rule is silent as to the notice an opposing party must receive for both subpoena's compelling testimony generally and for subpoena's demanding testimony at trial specifically. No law of which the Court is aware prohibits a party from foregoing a witness's deposition and then calling that witness at trial. It is somewhat more risky, but it may also be cost effective. In any event, calling a person to testify for the first time at a trial is not considered to be the reopening of discovery, because a party would then always be required to subpoena and depose a witness prior to trial in order to avoid the discovery-has-closed argument.

So, if the requirements for notice to the opposing party of subpoenaed trial witnesses are not contained in the subpoena rule, where are those notice requirements? The notice requirements for trials are crystal clear and are contained in 7026(a)(2) and (a)(3) (one for expert witnesses and the other for lay witnesses). The rule appears to be written broadly enough to cover subpoenaed witnesses:

> (3) Pretrial Disclosures. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:
> (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;
> (B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and
> (C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.
> Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.
>
> (4) Form of Disclosures. Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served.

Federal Rules of Civil Procedure Rule 26(a)(3)-(4). Thus, the general rule is that a party must disclose any trial witness, whether voluntary or subpoenaed, in a signed writing that is both served on opposing parties and filed with the Court at least 30 days prior to the trial date. If the subpoena rule (Civ. Pro. R. 45 and Bankr. R. 9016) listed the specific notice requirements for

trial subpoenas as anything other than what is already listed in 7026(a)(2) and (3), then the federal rules of civil procedure would contain either multiple or contradictory standards. (If the subpoena rule contained the same rules, then it would be redundant--though helpfully redundant.) Actually, the notice requirements of Bankruptcy Rule 7026(a)(3) are in some ways more stringent than the limited-purpose notice requirement for subpoenaed documents under subsection (b)(1) of the subpoena rule, which merely demands a prior notice to opposing parties' counsel under Civil Procedure Rule 5(b). Nothing in Bankruptcy Rule 7026(a)(3), however, requires that notice of a subpoenaed trial witness be sent to opposing counsel prior to issuance and service of the subpoena on the nonparty. This is not manifestly unfair, as the focus of the rule is to ensure that the opposing party has enough notice <u>prior to trial</u> to lodge any objections to the calling of the voluntary or subpoenaed witness. Whether a subpoena notice is sent to a party prior to the issuance or service of a subpoena on a nonparty is therefore formally and practically irrelevant.

Of course, the general rule stated above is the notice rule which governs if the Court has not ordered otherwise, which in this case it has. The Court entered a "Final Pretrial Order" on May 11, 2006, setting forth disclosure requirements for the trial set for June 9, 2006. The order modified the aforementioned requirement that the witness and exhibit lists be filed with the Bankruptcy Court Clerk. It further requires that the parties serve their lists of trial exhibits and witnesses on opposing parties 10 days prior to June 2, 2006;[1] serve any corresponding objections to the opponent's lists five days prior to June 2, 2006; and file motions in limine for any of the

---

[1] The Court erred by listing the deadline as being June 2, 2007, instead of 2006. The Final Pretrial Order is hereby deemed to set forth the correct, intended submission dates of June 2, 2006.

3

unresolved objections by June 2, 2006.

The plaintiff in this civil proceeding has already sent actual written notice to the defendant of the three subpoenas for trial witnesses that are at issue, and the plaintiff still has time to comply with the formal notice requirements of Bankruptcy Rule 7026(a)(3) discussed above.

Therefore, the Motion to Quash Subpoena is DENIED.

**Dated: May 18, 2006**                **ENTERED:**

_J.P.Cox_  *Jacqueline P. Cox*
**Jacqueline P. Cox**
**United States Bankruptcy Judge**